IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Marriage of: | ) | No. 41084-6-III |
| | ) | |
| ETHIOPIA BELEW, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | UNPUBLISHED OPINION |
| and | ) | |
| | ) | |
| ALEMNEH KASSA, | ) | |
| | ) | |
| Respondent. | ) | |

LAWRENCE-BERREY, J. — Ethiopia Belew appeals the trial court's order vacating her decree of dissolution from Alemneh Kassa and its order denying reconsideration. We reverse. The trial court's findings supporting its order to vacate are legally insufficient, and the trial court abused its discretion by misconstruing its authority to consider new or additional evidence on reconsideration.

Although our reversal does not preclude Mr. Kassa from filing a new motion to vacate, Ms. Belew will be able to submit all of her evidence for the trial court's consideration to support her argument that Mr. Kassa knew he was divorced after the decree was entered in 2016.

FACTS

The parties are well aware of the disputed facts and the trial court's findings, and we do not restate those facts in detail.

In April 2016 Ms. Belew petitioned for dissolution from Mr. Kassa. Mr. Kassa signed the last page of the petition[1] and the joinder page, joining in the petition and waiving his right to further notice. The dissolution was finalized when the trial court signed the uncontested decree of dissolution in July 2016.

In October 2024, Mr. Kassa threatened to kill Ms. Belew when she refused to sign papers to assist in purchasing another property for the adult care business the two ran together. In December 2024, Mr. Kassa filed a motion to vacate the 2016 decree of dissolution, asserting he did not know he had been divorced, that he did not sign the joinder page, or if he did sign the joinder, Ms. Belew obtained his signature through fraud. In January 2025, the trial court entered an order vacating the dissolution decree, finding that Mr. Kassa's signature had been forged on the joinder page.

Ms. Belew filed a timely motion for reconsideration under CR 59(a)(1) (abuse of discretion), CR 59(a)(4) (newly discovered evidence), CR 59(a)(7) (no evidence to justify

---

[1] In its findings and conclusions, the trial stated it "agrees with the findings of [Ms. Belew's] expert that Mr. Kassa's signature appears on the Joinder." Clerk's Papers (CP) at 361.

the decision), and CR 59(a)(9) (substantial justice had not been done).  In the declaration

supporting her motion, Ms. Belew attached documents prepared by Mr. Kassa or his

accountant after the July 2016 decree was entered.  These documents, including his

multiple tax returns, seem to establish that Mr. Kassa knew he was single after the decree

was entered.  In her memorandum supporting her motion, Ms. Belew quoted controlling

authority that made clear that trial courts have discretion to consider new or additional

evidence on reconsideration.[2]

Mr. Kassa had an opportunity to explain his inconsistent statements to the court.

But rather than explain the inconsistencies, he argued that Ms. Belew's newly filed

documents could not be considered by the trial court because the documents were not

"newly discovered evidence" within the meaning of CR 59(a)(4).  The trial court agreed

with Mr. Kassa's argument that the newly filed documents were not "newly discovered

evidence" within the meaning of CR 59(a)(4), and so it could not grant reconsideration

on the basis of those documents.

---

[2] A majority of this panel believes the trial court exercised its discretion and admitted Ms. Belew's new or additional evidence.  This belief is buttressed by the court's finding that "newly found evidence has been found including handwriting expert analysis, proof of [Mr. Kassa's] education [in the English language], and financial documents. *These have been admitted in the Court's consideration of facts*."  CP at 358 (emphasis added).

Ms. Belew appeals to this court.

ANALYSIS

Ms. Belew raises several arguments on appeal. Her arguments would have us overturn the trial court's findings. A majority of this panel takes a gentler approach. Rather than overturning the trial court's findings, the result reached below permits Mr. Kassa to file a new motion to vacate the decree of dissolution if he so chooses.

A.   THE TRIAL COURT'S FINDINGS SUPPORTING FRAUD ARE LEGALLY INSUFFICIENT

Ms. Belew argues the trial court abused its discretion by finding clear and convincing evidence that she committed fraud in obtaining a divorce from Mr. Kassa. We agree in part.

We review a trial court's order to vacate a judgment for an abuse of discretion. *In re Vulnerable Adult Pet. for Winter*, 12 Wn. App. 2d 815, 829, 460 P.3d 667 (2020). Discretion is abused if the trial court commits an error of law. *State v. Gentry*, 183 Wn.2d 749, 764, 356 P.3d 714 (2015).

A trial court may set aside a judgment if the judgment was obtained by fraud. CR 60(b)(4). Here, the trial court found that Ms. Belew obtained the decree of dissolution by fraudulent concealment or misrepresentation under the nine elements of fraud as discussed in *Crisman v. Crisman*, 85 Wn. App. 15, 21, 931 P.2d 163 (1997).

4

The trial court then set forth its specific findings for each of the nine elements. However, some of the trial court's findings support fraud against Mr. Kassa while other findings support fraud against the court. In intermixing its findings in this manner, the findings are legally insufficient. Either all nine elements must support fraud against Mr. Kassa or all nine must support fraud against the court. *See In re Marriage of Angelo*, 142 Wn. App. 622, 643, 175 P.3d 1096 (2008) (setting forth the nine elements of fraud more particularly than in *Crisman*, reflecting that the fraud must occur against the same person).

We reverse the trial court's conclusion that Mr. Kassa established fraud by clear and convincing evidence. The findings are insufficient to support that conclusion.

B.   THE TRIAL COURT ABUSED ITS DISCRETION BY MISAPPLYING THE LAW IN DENYING MS. BELEW'S MOTION FOR RECONSIDERATION

Ms. Below next argues the trial court abused its discretion in denying her motion for reconsideration. Again, we agree in part.

We review a trial court's denial of a motion for reconsideration and its decision to consider new or additional evidence on reconsideration for an abuse of discretion. *Martini v. Post*, 178 Wn. App. 153, 161, 313 P.3d 473 (2013). A court abuses its discretion when its decision is based on untenable grounds or is manifestly unreasonable or arbitrary. *Weyerhaeuser v. Com. Union Ins. Co.*, 142 Wn.2d 654, 683, 15 P.3d 115

(2000). A trial court's decision is based on untenable grounds when it is legally erroneous. *In re Marriage of Littlefield*, 133 Wn.2d 39, 47, 940 P.2d 1362 (1997).

Here, Ms. Belew moved for reconsideration under a number of bases, including that substantial justice had not been done. In support of her motion, she provided documents prepared or signed by Mr. Kassa after the decree of dissolution was entered, and those documents seem to show that Mr. Kassa knew he was divorced after 2016. They contradict his assertions to the trial court that he did not know he was divorced until late 2024.

Here, the trial court admitted the documents but then concluded it could not grant reconsideration because the newly submitted documents were not "newly discovered evidence" within the meaning of CR 59(a)(4). In so concluding, the trial court committed legal error.

In *Martini*, we explained:

> The decision to consider new or additional evidence presented with a motion for reconsideration is squarely within the trial court's discretion. *Chen* [*v. State*], 86 Wn. App. [183,] 192[, 937 P.2d 612 (1997)]. "'In the context of summary judgment, unlike in a trial, there is no prejudice if the court considers additional facts on reconsideration.'" *August v. U.S. Bancorp*, 146 Wn. App. 328, 347, 190 P.3d 86 (2008) (quoting *Chen*, 86 Wn. App. at 192). Generally, nothing in CR 59 prohibits the submission of new or additional materials on reconsideration. *Chen*, 86 Wn. App. at 192.

178 Wn. App. at 162 (footnote omitted).

6

Here, a jury had not entered findings that supported the decision to be reconsidered. Instead, the same trier of fact who found that vacation of the decree of dissolution was proper was the same trier of fact called on to decide the motion for reconsideration. Trial courts should apply and administer procedural rules "to secure the just, speedy, and inexpensive determination of every action." CR 1. In doing so, a trial court on reconsideration should not hesitate to consider new or additional evidence that would cast doubt on the correctness of its original decision. It is better to err once and then correct the error than to err twice.[3]

We conclude that the trial court committed legal error by construing the procedural rules in a manner that would not permit it to correct its error unless the new or additional evidence was "newly discovered evidence" within the meaning of CR 59(a)(4).

We deny both parties' requests for attorney fees on appeal. Costs are awarded to Ms. Bellew.

---

[3] The trial court's decision to vacate the decree of dissolution was, perhaps in part, result oriented. In its conclusion of law 4, it stated that vacating the decree of dissolution provided the parties the opportunity to "redraft a dissolution of marriage to reallocat[e] assets that were purchased using joint funds." CP at 362.

We applaud the trial court's instinct to motivate the parties to resolve the property issues. Even if the trial court does not vacate the decree, there are legal theories that likely would give it authority to equitably divide assets purchased with joint funds. We echo the trial court's sentiment that the parties should work toward resolving the property issues.

No. 41084-6-III
*In re Marriage of Belew and Kassa*

Reversed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Lawrence-Berrey, J.

WE CONCUR:

_____          _____
Staab, C.J.                                              Murphy, J.

8